1  Paul M. Levine, Esq.  (007202)
   Lakshmi Jagannath, Esq. (027523)
2  **McCARTHY ◆ HOLTHUS ◆ LEVINE**
   8502 E. Via de Ventura, Suite No. 200
3  Scottsdale, Arizona 85258
   Telephone:  (480) 302-4100
4  plevine@mhlevine.com
   *Attorneys for Plaintiff*
5  *Federal Home Loan Mortgage Corporation*

6

              **IN THE UNITED STATES DISTRICT COURT**
7                  **FOR THE DISTRICT OF ARIZONA**

8  | FEDERAL HOME LOAN MORTGAGE CORPORATION, its assignees and/or successors, | Case No. CV10-8062-PCT-MEA |
   |---|---|
   | Plaintiff, | **MOTION TO REMAND** |
   | v. | |
   | FAUSTO U. CETTOLIN and DONNA L. CETTOLIN, husband and wife, and DOES 1-10, inclusive, | |
   | Defendants. | |

        Plaintiff, Federal Home Loan Mortgage Corporation by and through its undersigned counsel and pursuant to 28 U.S.C § 1447, moves this court to remand this case to the Mohave County, Arizona Superior Court because (a) there is no federal question presented in the Complaint; (b) Defendants Fausto U. Cettolin and Donna L. Cettolin ("Defendants") are citizens of Arizona and accordingly cannot remove this matter pursuant to 28 U.S.C. § 1441(b); and (c) the amount in controversy does not exceed $75,000.00, as required by  28 U.S.C.A. § 1332. This Motion is supported by the attached Memorandum of Points and Authorities.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL BACKGROUND**

On April 9, 2010, Plaintiff filed a Complaint in Mohave County, Arizona Superior Court against Defendants, No. CV2010-00755 (the "Complaint"), a copy of which is attached as Exhibit "A". The Complaint is an action for forcible entry and detainer pursuant to A.R.S.§§ 12-1173 and 12-1173.01. On or about January 29, 2010, Plaintiff became the lawful owner of the real property located at 2760 Alibi Drive in Lake Havasu City, Arizona (the "Property") when Plaintiff purchased the property at the Trustee's Sale. On March 24, 2010, Defendants were provided notice to vacate the Property. Defendants failed to vacate the Property. Accordingly, Plaintiff filed its Complaint.

**II.    DEFENDANTS HAVE FAILED TO PROVIDE A VALID BASIS FOR REMOVAL TO FEDERAL COURT.**

A party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists. *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1012 (3d Cir.1987). The defendants' right to remove is to be determined according to the plaintiff's pleading at the time of the petition for removal, and it is the defendants' burden to show the existence of federal jurisdiction. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985), citing *Pullman Company v. Jenkins,* 305 U.S. 534, 537, 540 (1939).

Since federal courts are courts of limited jurisdiction, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987), citing *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985).

Defendants allege two bases for removal: (1) diversity of citizenship under 28 U.S.C. §1332(a), and (2) the amount in dispute exceeds $75,000.00. The facts and law refute both of these alleged justifications for removal.

### A. SINCE NO FEDERAL QUESTION EXISTS, DEFENDANTS CANNOT REMOVE THIS MATTER BASED ON DIVERSITY OF CITIZENSHIP.

If a complaint does not present a federal question, "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b).  Defendants are citizens of Arizona. Defendants live in Lake Havasu, Arizona. Accordingly, 28 U.S.C. §1441(b) prohibits removal to federal court based on diversity jurisdiction.  Since no federal question is involved, the citizenship of Plaintiff is irrelevant for purposes of removal.

### B. NO AMOUNT IN CONTROVERSY EXISTS IN THIS FORCIBLE ENTRY AND DETAINER ACTION.

Defendants allege that the amount in controversy in this case exceeds $75,000.00. However, there is no dollar amount in controversy in an action for forcible entry and detainer. In a forcible detainer action, the only issue shall be the right of actual possession.  A.R.S. § 12-1177(A). The only issue to be determined in a forcible entry and detainer action is the right to possession. *Curtis v. Morris,* 186 Ariz. 534, 925 P.2d 259 (1996).  Plaintiff does not demand an actual monetary amount in its Complaint and only seeks the fair rental value of the property, in amount to be determined at trial. If demanded, the fair rental value would be minimal and would in no way exceed $75,000.00.  Accordingly, the amount in controversy requirement is not met for purposes of removal.

///

### III.   CONCLUSION.

For the reasons set forth above, Plaintiff respectfully requests that this Court remand this matter to state court.

**RESPECTFULLY SUBMITTED** this 1st day of March, 2011.

        **McCARTHY ◆ HOLTHUS ◆ LEVINE**

By: /s/Paul M. Levine
  Paul M. Levine
  Lakshmi Jagannath
  8502 E. Via de Ventura, Suite No. 200
  Scottsdale, Arizona 85258
  *Attorneys for Plaintiff*
  *Federal Home Loan Mortgage Corporation*

ORIGINAL of the foregoing filed
with the Clerk of the Court this 1st
day of March, 2011.

COPY of the foregoing sent by U.S. Mail
this 1st day of March, 2011 to:

Fausto U. Cettolin
Donna L. Cettolin
2760 Alibi Drive
Lake Havasu City, Arizona 86404
Defendants Pro Per

By: /s/Christina Barnes
  Christina Barnes