IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, ) ) | |
| ) | |
| Plaintiff, ) | CIV 10-08062 PCT MEA |
| ) | |
| v. ) | ORDER TO SHOW CAUSE |
| ) | |
| ) | |
| FAUSTO U. CETTOLIN, DONNA L. CETTOLIN, ) ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On March 15, 2011, this Court entered an order requiring Plaintiff to either consent to magistrate judge jurisdiction or elect to proceed before a district judge by March 29, 2011.  Plaintiff has failed to timely comply with this Court's order of March 15, 2011.

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. §§ 471-482, mandates the early and on-going judicial management of the pretrial process.  Pursuant to this mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner."  Schwarzkopf Tech. Corp. v. Ingersoll Cutting Tool Co., 142 F.R.D. 420, 423 (D. Del. 1992).  Additionally, all federal judges are subject to the requirement of Rule 1, Federal Rules of Civil Procedure, that

1  they "be construed to secure the just, <u>speedy</u> and <u>inexpensive</u>

2  determination of every action." <u>Herbert v. Lando</u>, 441 U.S. 153,

3  177, 99 S. Ct. 1635, 1649 (1979) (emphasis in original).

4            The Magistrates Act permits magistrate judges to

5  conduct all proceedings in civil cases if the parties consent:

6  "Upon consent of the parties, a ... United States magistrate

7  judge ... may conduct any or all proceedings in a jury or

8  non-jury civil matter and order the entry of judgment in the

9  case, when specially designated to exercise such jurisdiction by

10 the district court or courts he serves." <u>Hanson v. Mahoney</u>, 433

11 F.3d. 1107, 1111 (9th Cir. 2006).

12            The consent of the parties, moreover, must be
             clear and unambiguous, and explicit. Section
13            636(c) requires that the parties' decision be
             communicated to the clerk of the court, and
14            Fed. R. Civ. P. 73(b) requires that the
             parties execute and file a joint form of
15            consent or separate forms of consent. Consent
             will not be inferred from the silence or
16            conduct of the parties. <u>See</u> <u>Alaniz</u>, 690 F.2d
             at 720 ("[T]he parties ask us to view their
17            conduct throughout the proceedings below as
             constituting the necessary consent. This we
18            decline to do.").

19
   <u>Nasca v. Peoplesoft</u>, 160 F.3d 578, 579 (9th Cir. 1999). <u>See</u>
20
   <u>also</u> <u>Rembert v. Apfel</u>, 213 F.3d 1331, 1334-35 (11th Cir. 2000).
21
            Pursuant to Rule 41(b), Federal Rules of Civil
22
   Procedure, and the holding of <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,
23
   1260 (9th Cir. 1992), i.e., that trial courts have the inherent
24
   power to control their dockets and, in the exercise of that
25
   power, they may impose sanctions including, where appropriate,
26
   dismissal of a case,
27

28                                -2-

1     **IT IS ORDERED that Plaintiff Federal Home Loan Mortgage
2 Corporation**, having now appeared in this matter, shall **show
3 cause in writing on or before April 22, 2011,** why they should
4 not be sanctioned or be held in contempt of court pursuant to
5 title 18 U.S.C. 401 for failing to comply with the Court's prior
6 order.  If Plaintiff properly complies with the Court's March
7 15, 2011, order **on or before April 22, 2011,** by either
8 consenting to magistrate judge jurisdiction or electing to have
9 the case assigned to a district judge, the undersigned will
10 automatically vacate this Order to Show Cause.

11     DATED this 4th day of April, 2011.

12

13 _____
   Mark E. Aspey
14 United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              -3-